# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHUNG BOOTH,<br><br>                                  Plaintiff,<br>   vs.<br><br>JOSE M. REYES-GUERRA et al.,<br><br>                                Defendants. | CASE NO. 15cv2899-LAB (JLB)<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

      Isabel Herrera removed this case pursuant to 28 U.S.C. §§ 1332 and 1441 from the Superior Court of California, County of San Diego, where it was pending as a complaint for unlawful detainer. (Docket no. 1.) Herrera alleges federal question jurisdiction as the basis for removal. (*Id.* at ¶¶ 5–7.)

      Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Any doubts are resolved in favor of remand. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). A district court has an obligation to ensure that it has subject matter jurisdiction over a case. 28 U.S.C. § 1447(c); *see also*

*Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784–85 (9th Cir. 1992) (a district court has power to remand a case *sua sponte* when it lacks subject matter jurisdiction).

Herrera alleges that removal is proper because the defendants have defenses or counterclaims involving the Fair Housing Act.  (Docket no. 1 at ¶¶ 5–7.)  But "the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (internal quotation marks omitted).  That a defense or counterclaim raises a federal question isn't enough to establish federal question jurisdiction.  *See ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint.").

The only federal issue arises out of the defendants' defenses or counterclaims.  Thus, there is no basis for federal subject matter jurisdiction over this unlawful detainer action.  The Court **REMANDS** this case to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED**.

DATED:  December 28, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge